NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

SHAUN M. HANDLEY, *Appellant*.

No. 1 CA-CR 15-0791
FILED 7-7-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-030241-001
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

**J O H N S E N**, Judge:

**¶1**        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Shaun M. Handley's conviction of possession or use of a dangerous drug (trifluouromethylphenylpiperazine ("TFMPP")), a Class 4 felony.  Handley's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999). Handley was given the opportunity to file a supplemental brief but did not do so.  Counsel now asks us to search the record for fundamental error. After reviewing the entire record, we affirm the conviction and sentence.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Officers keeping watch on a house whose occupant they suspected sold drugs saw Handley arrive and park in the driveway.[1]  The occupant emerged, talked to Handley briefly and gave him an item. Officers pulled over Handley's car shortly after he drove away.  When officers told him what they had seen, he admitted he had been to the home and had purchased ten pills.  He told officers the pills were in the center console of his car and gave them permission to search the car.  The officers discovered a bag that contained eight pills that were tested later and found to contain TFMPP.

**¶3**        Handley was tried in *absentia* after he failed to appear for trial. Arizona Rule of Criminal Procedure 9.1 states:

> [A] defendant may waive the right to be present at any proceeding other than sentencing by voluntarily absenting

---

[1]        On review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Handley. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

himself . . . from it.  The court may infer that an absence is voluntary if the defendant had personal notice of the time of the proceeding, the right to be present at it, and a warning that the proceeding would go forward in his . . . absence should he . . . fail to appear.

The court informed Handley at his arraignment that if he failed to attend his trial, he would be tried in *absentia*.  At a later status conference, Handley received personal notice of a new trial date.  *See State v. Bohn*, 116 Ariz. 500, 503 (1977) (after notice is provided, court may infer defendant's subsequent absence is voluntary; burden to show otherwise is on defendant).  Handley failed to appear at another status conference at which the court affirmed the trial date, and failed to appear for trial.  Under the circumstances, Handley's counsel did not object to the trial proceeding without him, and the jury was instructed not to speculate about Handley's absence or use his absence as evidence of guilt.

¶4          The jury convicted Handley of possession of dangerous drugs.  At sentencing, for which Handley was present, Handley admitted he had two historical prior felony convictions.  The court imposed a mitigated sentence of six years' incarceration, with 107 days of presentence incarceration credit.

¶5          We have jurisdiction of Handley's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033(A)(1) (2016). [2]

**DISCUSSION**

¶6          The record reflects Handley received a fair trial.  He was represented by counsel at all stages of the proceedings against him.  He waived his right to be present at trial, but was present for sentencing.  The court held appropriate pretrial hearings.  It did not conduct a voluntariness hearing, but the record does not suggest a question about the voluntariness of Handley's statements to police.  *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

¶7          The State presented both direct and circumstantial evidence sufficient to allow the jury to convict.  The jury was properly comprised of eight members with two alternates.  The court properly instructed the jury

---

[2]          Absent material revision after the date of an alleged offense, we cite a statute's current version.

on the elements of the charge and gave the key instructions concerning burden of proof, presumption of innocence, reasonable doubt and the necessity of a unanimous verdict. The jury returned a unanimous verdict. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed a legal sentence for the crime of which Handley was convicted.

## CONCLUSION

**¶8** We have reviewed the entire record for reversible error and find none, and therefore affirm the conviction and resulting sentence. *See Leon*, 104 Ariz. at 300.

**¶9** After the filing of this decision, defense counsel's obligations pertaining to Handley's representation in this appeal have ended. Defense counsel need do no more than inform Handley of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Handley has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Handley has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: AA